# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THOMAS MOORE and RICHARD ANDERSON, individually and on behalf of others similarly situated,**

        **Plaintiffs,**

-vs-                                               Case No. 6:09-cv-2182-Orl-31DAB

**NEWS CORPORATION, a foreign corporation; NEW WORLD COMMUNICATIONS OF TAMPA, INC., a foreign profit corporation; and FOX TELEVISION STATIONS, INC., a foreign profit corporation,**

        **Defendants.**

## ORDER

This matter comes before the Court *sua sponte*. According to the allegations of the Complaint (Doc. 1), the Plaintiffs are Florida residents who receive cable television service from Bright House Networks, LLC ("Bright House"). Defendant News Corporation owns the Fox Television Network, while the other two defendants hold the FCC broadcast licenses for the Fox Television Network stations in Orlando and Tampa. Bright House and the Defendants are engaged in a contract dispute which, if not resolved, could result in the Defendants refusing to provide their programming to Bright House as of midnight on New Year's Eve.

The Plaintiffs contend that the Defendants have violated Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq*. They seek to force the Defendants to continue to provide their programming to Bright House, at least through the upcoming Sugar

Bowl, which will be played on January 1, 2010. The Fox Television Network holds the broadcast rights to the Sugar Bowl, which the Plaintiffs describe as "an event of tremendous public interest".

The Plaintiffs filed their case this morning in state court, and the Defendants removed the case to this Court this afternoon. Although the Plaintiffs raised only state law claims in their Complaint, the Defendants removed on the basis of federal question jurisdiction. According to the Defendants, the Plaintiffs' claims raise substantial questions of federal law. In support, the Defendants cite to various passages in the Complaint in which the Plaintiffs discuss the Defendants' duty to serve the public interest, which duty arises as a result of the FCC licenses they hold.

Any claim that was originally filed in state court may be removed by a defendant to federal court if the case could have been filed in federal court originally. 28 U.S.C. §1141(a). Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Normally, a suit "arises under" the law that creates the cause of action. *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). In this case, that would be state law (FDUTPA), not federal law. However, federal question jurisdiction exists over state law claims that "raise substantial questions of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983).

For a state law claim to raise substantial questions of federal law, federal law must be an "essential element" of the claim, and "the federal right or immunity that forms the basis of the claim must be such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another." *Dunlap v. G & L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004). In this case, although the Plaintiffs discuss the federal statutory duty to

-2-

serve the public interest, the only claims actually asserted in the Complaint involve FDUTPA. To prevail under FDUTPA, the Plaintiffs must show that the Defendants committed an unfair act or deceptive practice, which caused the Plaintiffs to suffer actual damages. *KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1073 (Fla. 5th DCA 2008). The Defendants' duty to serve the public interest, and the issue of whether that duty requires them to continue providing their programming while negotiating a contract with a cable provider, is not implicated by an FDUTPA claim. Thus, those claims do not raise a substantial question of federal law, and this Court lacks subject matter jurisdiction over them.

In addition, the Court notes that Congress has not provided a private right of action to enforce the sections of the Communications Act of 1934[1] that establish the "public interest" requirement for license holders, or to enforce the Act in general. *See, e.g., Rokus v. American Broadcasting Co., Inc.*, 616 F.Supp. 110 (S.D.N.Y. 1984) (citing cases). To the extent that the Plaintiff's claims might be construed, not as FDUTPA claims, but simply as claims that the Defendants violated their Communications Act-imposed duty to serve the public interest, this Court similarly lacks subject matter jurisdiction. *See*, *e.g.*, *Kaw Nation v. Springer*, 341 F.3d 1186 (10th Cir. 2003) (where private entity brings suit for which no private cause of action has been provided, district court lacks subject matter jurisdiction).

Because this Court lacks subject matter jurisdiction over these claims, they could not have

---

[1] 47 U.S.C. § 151 *et seq.*

been brought in this Court originally, and removal was improper. Accordingly, it is hereby

**ORDERED** that this case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 30, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party